UNITED STATES, Appellee

v

BARRY AUSTIN DEMINGS, Opticalman Seaman Apprentice,
U. S. Navy, Appellant

No. 26,946

October 26, 1973

*Lieutenant Commander Jeffrey H. Bogart,* JAGC, USNR, argued the cause for Appellant, Accused.

*Captain Joseph W. Diver,* USMCR, argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel George L. Bailey,* USMC, and *Lieutenant Commander Harvey E. Little,* JAGC, USN.

## OPINION OF THE COURT

DARDEN, Chief Judge:

The issue in this case questions the sufficiency of the evidence to establish that the accused was absent without leave for the period alleged. We affirm.

The Government produced at the accused's trial an extract copy of his service record that declared him to be absent without leave from 2 p.m. on May 26, 1972, until he "Surrendered on board this command" at 7 a.m. on May 30, 1972. The record was properly authenticated.

In response to the Government's case, the accused testified that he was a service school student on May 26, 1972. He

secured his instructor's permission to see a naval investigator at 2:30 p.m. and proceeded to the investigator's office. Finding no one there, he went to his barracks and, from there, departed the base.

According to the accused, he frequently had to contact the investigator and, on returning to school, had in the past been told to go to the barracks instead of entering class late. On May 26, he knew classes were over at 3:20 p.m. and, as he had holiday liberty until the morning of May 30, he did not think it necessary to return to school for the few remaining minutes of class time.

Appellate defense counsel contend that the nature of the accused's testimony is such that it overcomes the effect of the Government's record evidence and requires that the findings of guilty be set aside. On the other hand, the Government argues that the official record entries are sufficient in law to support the findings of guilty.

■ Properly authenticated copies of entries in official records are competent evidence of the facts that they recite. United States v Strong, 1 USCMA 627, 5 CMR 55 (1952); United States v Creamer, 1 USCMA 267, 3 CMR 1 (1952); United States v Masusock, 1 USCMA 32, 1 CMR 32 (1951). They are sufficient in law to sustain a conviction for unauthorized absence. United States v Wilson, 4 USCMA 3, 15 CMR 3 (1954); United States v Creamer, supra; United States v Masusock, supra.

■ Record entries may of course be rebutted by the defense. United States v Wilson, supra. The effect of that rebuttal normally presents a question for the fact finders, for this Court measures only the legal sufficiency of the evidence, *i.e.,* whether there is in the record some competent evidence from which the members of the court-martial or the military judge could find beyond a reasonable doubt the existence of every element of the offense charged. United States v Taylor, 21 USCMA 220, 44 CMR 274 (1972); United States v Lyons, 11 USCMA 68, 28 CMR 292 (1959).

■ The accused's testimony was in direct conflict with the Government's case. He stated he had liberty for the period in question and that it was customary not to return to class when absent on official business. But the military judge could reject his testimony as incredible and by his general findings determine that the accused had no official permission to be absent from his command. As the fact finder, the military judge was permitted to accord sufficient weight to the Government's evidence to convict the accused. At this level, we cannot properly overturn that conclusion. United States v Lyons, supra. Accordingly, we find the evidence legally sufficient to support the findings of guilty.

The decision of the Court of Military Review is affirmed.

Judge QUINN and Judge DUNCAN concur.